UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDGARDO SENSI, : | |
| *Petitioner,* : | |
| : | |
| v. : | Civil No. 3:22cv3 (OAW) |
| : | |
| UNITED STATES OF AMERICA, : | |
| *Respondent.* : | |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Edgardo Sensi ("Petitioner" or "Mr. Sensi"), currently is incarcerated at the Tucson Federal Correctional Center, in Tucson, Arizona. Before the court is his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255,[1] challenging his 2012 federal conviction for Conspiracy to Produce Child Pornography, Production of Child Pornography in the United States, Illegal Sexual Conduct in a Foreign Place, and Production of Child Pornography Outside the United States. *See United States v. Sensi*, Case No. 3:08cr253 (OAW), ECF No. 167. Mr. Sensi also has filed motions for discovery, ECF No. 6, and to supplement the record, ECF Nos. 18 and 24. The court finds the petition untimely for the reasons that follow; therefore, the petition is **DENIED**.

**I.   FACTS**

On July 8, 2010, Petitioner pleaded guilty to a superseding indictment, but

---

[1] 28 U.S.C. § 2255 provides in relevant part, as follows: "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

1

reserved his right to appeal the court's decision denying an earlier motion to suppress certain evidence (obtained while executing a search warrant of his Florida residence). *See United States v. Sensi*, 3:08cr253, ECF No. 115 at 1.  On January 31, 2012, the court sentenced Petitioner to 85 years of imprisonment, followed by a lifetime term of supervised release.  *See id.*, Judgment, ECF No. 167.  The petitioner appealed, and on January 9, 2014, the United States Court of Appeals for the Second Circuit issued its mandate affirming the district court's denial of his suppression motion.  *United States v. Sensi*, 542 F. App'x 8 (2d Cir. 2013).  The Second Circuit also upheld the validity of the Plea Agreement and noted the Agreement's provision that "'the defendant will give up *all of his other appeal rights* and is pleading guilty because he is guilty of the offenses charged against him.' (emphasis in agreement)", *id.* at 11.  Thereafter, on May 5, 2014, the Supreme Court of the United States denied Mr. Sensi's petition for a writ of certiorari.  *Sensi v. United States*, 572 U.S. 1108 (2014).

**II.     STANDARD**

Section 2255 of Title 28 of the United States Code allows a federal prisoner to move the sentencing court to vacate, set aside, or correct the sentence if it violates the Constitution of the United States, or federal law.  28 U.S.C. § 2255.  The United States Court of Appeals for the Second Circuit has held that a prisoner may collaterally attack a final criminal conviction by way of a section 2255 petition "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect' which inherently results in a complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 589—90 (2d Cir. 1996) (citing *United States v.*

*Bokum*, 73 F.3d 8, 12 (2d Cir. 1995)); *see Thomas v. United States*, 3:19CV1908 (AWT), 2023 WL 3022441, at *4 (D. Conn. Apr. 20, 2023).  "[T]he scope of review on a § 2255 motion should be 'narrowly limited' in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources."  *Graziano,* 83 F.3d at 590.

The petitioner has the burden of showing that he is entitled to relief.  *Williams v. United States*, 481 F.2d 339, 346 (2d Cir.), *cert. denied*, 414 U.S. 1010 (1973); *see also De Leon v. United States*, 2020 WL 3269139, at *3 (W.D.N.Y. June 17, 2020).  Additionally, "a § 2255 petition, or any part of it, may be dismissed without a hearing if, after a review of the record, the court determines that the motion is without merit because the allegations are insufficient as a matter of law."  *Thomas*, 2023 WL 3022441, at *4; *see also Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) ("'[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.'" (quoting Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b)).  Finally, when a petitioner is self-represented, the court must liberally construe their petition.  *See Billy-Eko v. United States*, 8 F.3d 111, 117 (2d Cir. 1993) (acknowledging "a countervailing judicial interest in interpreting *pro se* pleadings liberally and in the interests of fairness to *pro se* litigants.").

### III.   DISCUSSION

In his Petition, Mr. Sensi argues that his attorney in an underlying criminal prosecution in Florida (Attorney Joshua Deckard,) had an undisclosed conflict of interest and rendered ineffective assistance in that case regarding the underlying search warrant,

ECF No. 1 at 21.[2]  He argues that Attorney Deckard's conflict and resulting ineffective assistance render Petitioner's federal conviction and sentence unconstitutional, *id.* at 22. However, he provides insufficient evidence to warrant setting the commencement of the applicable limitations period to sometime after the underlying judgment of conviction; thus, his petition is denied as untimely filed.

> 28 U.S.C.A. § 2255 provides, in relevant part:
>
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

On May 5, 2014, the Supreme Court denied certiorari, *Sensi*, 572 U.S. at 1108 (2014).  Therefore, pursuant to section 2255(f)(1) (and absent application of any other 2255(f) provision), Mr. Sensi's petition was due on or before May 5, 2015.  Petitioner filed his motion on January 3, 2022 (more than seven years after the judgment of conviction became final).  Therefore, the instant petition is untimely under section 2255(f)(1).

In a request to supplement his Petition, Mr. Sensi argues that the Supreme Court's decision in *Ruan v. United States*, 142 S. Ct. 2370 (2022), amounts to a newly-recognized right, and thus that the limitations period began to run on the date of that decision, pursuant to 2255(f)(3).  ECF No. 18 at 2.  Petitioner avers that "the Court made a bold

---

[2] Specifically, he challenges seizure of a locked canvas bag from his bedroom closet, ECF No. 1 at 27.

clarification to the presumption of scienter – that it applies even when a statute, such as 18 U.S.C. § 2423(c), does not contain a scienter provision on its face." ECF No. 19 at 4.[3] Petitioner argues that the Court's decision amounts to a "newly announced rule-of-thumb" applicable here. *Id.*

However, the statement in *Ruan* on which Mr. Sensi relies amounts to a reaffirmation of an established principle (and not any newly-recognized right). Specifically, the *Ruan* Court noted that "[a]pplying the presumption of scienter, we have read into criminal statutes that are *silent* on the required mental state—meaning statutes that contain no *mens rea* provision whatsoever—that *mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct." *Ruan*, 142 S. Ct. at 2377 (internal quotation marks omitted) (quoting *Elonis v. United States*, 575 U.S. 723, 736 (2015) (quoting *Carter v. United States*, 530 U.S. 255, 269 (2000) (emphasis added))). The Court's use of the phrase "we have read" indicates that it references an established principle. Additionally, the *Ruan* Court applied the *mens rea* requirement of the applicable statutory provision to the "except as authorized" phrase in that offense (21 U.S.C. § 841). *Id.* at 2379.[4] Here, 18 U.S.C § 2423(c) does not contain *mens rea* nor "except as authorized" provisions.[5] Further, to the extent Mr. Sensi argues that the *Ruan* decision

---

[3] Plaintiff specifically relies on the applicability of *Ruan* to his Illegal Sexual Conduct in a Foreign Place conviction, in violation of 18 U.S.C § 2423(c). ECF No. 19 at 3—4.

[4] The Court noted that "[s]ection 841 states: 'Except as authorized by this subchapter, it shall be unlawful for any person *knowingly or intentionally* . . . to manufacture, distribute, or dispense . . . a controlled substance.' (Emphasis added.)." *Id.* The Court further stated that "the question here concerns the mental state that applies to a statutory clause ("[e]xcept as authorized") that does not immediately follow the scienter provision . . . ." *Id.* The Court then concluded that "the statutory clause in question plays a critical role in separating a defendant's wrongful from innocent conduct" and, therefore, "that the statute's *mens rea* applies to that critical clause." *Id.*

[5] Section 2423(c) provides as follows:

> **(c) Engaging in illicit sexual conduct in foreign places.**--Any United States citizen or alien admitted for permanent residence who travels in foreign commerce or resides, either temporarily or permanently, in a foreign country, and engages in any illicit sexual conduct

5

now requires the government to prove that he had knowledge that the victim of his offense was under the age of 18, the Court of Appeals for the D.C. Circuit, in *United States v. Morgan*, cited *Ruan* for the aforementioned established principle, and held that 18 U.S.C. § 2423(a)[6] **does not** require the defendant to know that the person transported across state lines in violation thereof was a minor, 45 F.4th 192, 207 (D.C. Cir. 2022). Section 2255(f)(3) does not apply to the facts in this case.[7]

With respect to 2255(f)(4), Petitioner states that he did not become aware of the underlying conflict of interest until May 2021, when he discovered *Peel v. Helper*, 2:18-cv-14320 (RLR) (S.D. Fla.), a case in which Petitioner states "Mr. Joshua Deckard[] is named as a defendant". ECF No. 1 at 25.[8] Petitioner avers that Attorney Deckard was a defendant in that case, in his capacity as a detective in the Martin County Sheriff's Department, *id.* at 25—26. According to Mr. Sensi, Attorney Deckard worked as a detective with Detective Brian Broughton, who, along with Detective Patrick Colasuonno, executed the underlying search warrant at the Petitioner's Florida residence.[9] *Id.* at 26—

---

        with another person shall be fined under this title or imprisoned not more than 30 years, or both.
18 U.S.C § 2423(c).
[6] Section 2423(a) provides as follows:
        **(a) Transportation with intent to engage in criminal sexual activity.**--A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.
18 U.S.C § 2423(a).
[7] As the government further notes, Defendant waived his right to collaterally attack his sentence, ECF No. 20 at 8—9; *see Sensi*, 3:08-cv-253 (OAW), ECF No. 134 at 42 (containing transcript of plea hearing during which Assistant United States Attorney noted Petitioner was "giving up his right to collaterally attack his conviction in any proceeding, including any habeas under 2255 or 2241, . . . if he were to receive a sentence of 95 years or less, . . . and supervised release of up to life, he is, again, waiving his right to appeal.").
[8] The court notes that the defendant in that case is listed on the court's docket sheet as "Joshua Decker". *Peel v. Helper*, 2:18-cv-14320 (RLR).
[9] He specifically states that Attorney Deckard conspired with detectives "to ensure that no evidence would be suppressed in this case", *id.* at 31.

6

27. He notes that Attorney Deckard worked as a detective with the Martin County Sheriff's Department "quite possibly during" his legal representation of Petitioner. *Id.* at 25. Mr. Sensi also submits "articles" purportedly identifying Joshua Deckard as a member of that sheriff's department (including some noting this individual's sanctionable conduct while working there), ECF No. 24 at 1—2. According to Mr. Sensi, this evidence establishes an undisclosed conflict of interest, rendering the provisions of 2255(f)(4) applicable and warranting commencement of the limitations period in May 2021, rather than the date of the judgment of conviction[10], ECF No. 1 at 26, 31.

The government notes that the defendant in question in the *Peel* case is identified in the return of the summons and in the Defendants' Statement of Material Facts as "Joseph Deckard", ECF No. 13 at 8 (citing Attachments A and B, ECF Nos. 13-2 and 13-3). In addition, the government attaches to its memorandum a notarized statement of one Aimie M. Pieper ("Ms. Pieper"), Human Resources Manager for the Martin County Sheriff's Office ("MCSO"). ECF No. 13-1. Ms. Pieper attests that the office has no record of "Joshua Deckard ever having been employed by the MCSO in any capacity," *id.* at 2. Further, the government attaches to a subsequent brief, Attorney Deckard's affidavit in which he states that he has "never been employed by the Martin County Sheriff's Office in any capacity whatsoever, nor [has he] provided contract or voluntary services to the said agency" and that "[a]t no time in the past [has he] served as a law enforcement officer

---

[10] Petitioner also states that a forged signature of Florida circuit court Judge Elizabeth A. Metzger is evidence of "malfeasance", *id.* at 32—33. With respect to the purported forgery, however, Petitioner himself notes that the trial judge in the underlying federal prosecution of this case addressed this concern at the time of sentencing, ECF No. 6 at 11. As such, and in light of the court's conclusion that Petitioner has failed to provide sufficient evidence of the purported conflict of interest of his Florida counsel, any claim for habeas relief on the basis of the purported forgery was due within one year from the final judgment of conviction and is untimely.

with either Detective Brian Broughton or Detective Patrick Colasuono," ECF No. 23 at 5.[11] Attorney Deckard further notes that he "became aware of both aforementioned Martin County detectives after they were listed as State witnesses in criminal matters where I represented the accused in Martin County, Florida," *id.*[12]

The court concludes that Petitioner has failed to present sufficient evidence, beyond his supposition, that his attorney in the Florida prosecution, Joshua Deckard, was employed by the Martin County Sheriff's Department, or that he served in a law enforcement capacity with either Detective Broughton or Detective Colasuono. Therefore, the case and subsequent articles that Petitioner recently discovered are insufficient to warrant application of the provisions of 2255(f)(4).

28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C.A. § 2253(c)(2); *see Kaminski v. Comm'r of Correction*, 3:21CV00394(SALM), 2022 WL 2952675, at *5 (D. Conn. July 26, 2022), *certificate of appealability denied sub nom. Kaminski v. Comm'r, DOC*, 2023 WL 2147694 (2d Cir. Feb. 8, 2023). As this court has noted,

> Pursuant to *Slack v. McDaniel*, 529 U.S. 473 (2000), when a district court denies a [federal habeas petition] on procedural grounds, a certificate of

---

[11] Despite Mr. Sensi's reference to Attorney Deckard's website, *see* Doc. 1 at 26, it states only that Attorney Deckard worked in law enforcement for 25 years beginning in 1978, provides no indication that he worked for the Martin County Sheriff's Department in any capacity, and does not indicate that he worked with either Detective Broughton or Detective Colasuono. *See* https://www.jdeckardlaw.com/about-us/ (last visited July 14, 2023), *archived at* https://perma.cc/PB6B-ZF42. Additionally, Mr. Sensi's reference to the hearsay statements of his son, Francesco Sensi, ECF No. 1 at 51, and the statements in Petitioner's personal declaration, ECF No. 17 at 11, are inadmissible and insufficient to refute the government's evidence that Attorney Deckard never worked for the Martin County Sheriff's Department.

[12] The government also notes that Mr. Sensi previously made similar arguments regarding Attorney Deckard in an earlier-filed civil rights lawsuit, ECF No. 14 at 7—8 (citing *Sensi v. State of Florida*, 2:17cv14045 (RLR), Doc. 12, and noting that "[i]n his *pro se* amended complaint, filed on May 12, 2017, the petitioner alleges that '[o]n November 18, 2008, Det. Broughton [was] deposed by Atty. Deckard, who is coincidentally a former Martin County Sheriff's Officer and former colleague of Det. Broughton.'").

> appealability may issue only upon a showing that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack makes it clear that this formulation allows and encourages the court to first resolve procedural issues.

*Kaminski*, 2022 WL 2952675, at *5 (quoting *Moshier v. United States*, 402 F.3d 116, 117—18 (2d Cir. 2005) (citations and quotation marks omitted)).  The court concludes that in light of the statute of limitations bar in this case, "no 'reasonable jurist' could conclude that [Mr. Sensi's] petition was timely" and "'it is not debatable that' [his] petition is 'untimely,'"  *See Kaminski*, 2022 WL 2952675, at *5 (quoting *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005)).  Therefore, a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c), will not issue.

## IV. **CONCLUSION**

For the foregoing reasons, the Petition to Vacate, Set Aside, or Correct Petitioner's Sentence (ECF No. 1) is denied as untimely filed.  In addition, the Motion to Expedite, ECF No. 5, and Motion for Discovery, ECF No. 6, are denied as moot.  Finally, while the Motions to Supplement, ECF Nos. 18[13] and 24, are granted to the extent that the court has considered the arguments and references therein, the court concludes that the statements in those filings do not warrant starting the applicable one-year limitations period on a date other than the date of the final judgment of conviction.  The Clerk of Court hereby is directed to please close this case.

---

[13] In light of the conclusion that Mr. Sensi's Petition is untimely, his request for appointment of counsel pursuant to 18 U.S.C. 3006A(a)(2)(B), ECF No. 19 at 5—6, is denied.

**IT IS SO ORDERED** at Hartford, Connecticut, this 21st day of July, 2023.

                                                      /s/
                                    OMAR A. WILLIAMS
                                    UNITED STATES DISTRICT JUDGE